UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA-NEWPORT NEWS DIVISION

| | |
|---|---|
| TORAE SANDERS<br>    Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No.<br>) |
| SEQUIUM ASSET SOLUTIONS, LLC.,<br>and AVANTEUSA LTD.,<br>    Defendant. | )<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory brought by Plaintiff Torae Sanders an individual consumer, against Defendants, Sequium Asset Solutions, LLC., ("SAS") and AvanteUSA LTD ("Avante") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact

1

business in Newport News, Warwick County, Virginia, and the conduct complained of occurred in Newport News, Warwick County, Virginia.

### III.   PARTIES

3. Plaintiff Torae Sanders (hereinafter "Ms. Sanders") is a natural person residing in Newport News, Warwick County, Virginia. Ms. Sanders is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, Defendant AvanteUSA, LTD., is a Texas corporation with its principal place of business located at 3600 S Gessner Rd, Houston TX 77063.

5. Upon information and belief, Defendant Sequium Asset Solutions, LLC., is a Georgia corporation with its principal place of business located at 1130 Northchase Pkwy SE #150th Marietta, GA 30067.

6. Defendants AvanteUSA, LTD., and Sequium Asset Solutions, LLC., is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another's.

### IV.   FACTS OF THE COMPLAINT

7. Defendants AvanteUSA, LTD., and Sequium Asset Solutions, LLC., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

8. On or about April 30, 2021 Ms. Sanders applied for a mortgage and was denied and reviewed her credit report on "credit karma" and seen the same information.

9. On the mortgage and "credit karma" report, Ms. Sanders observed a trade lines from all Debt Collectors.

10. Debt Collector (Avante) furnished two trade lines of $333 and $473 allegedly owned to One Hampton Medical Group.

11. Debt Collector (Sequium) furnished a trade line of $448, allegedly owned to Cox Communications.

12. On May 19, 2021 Plaintiff called Defendant (Sequium) and made an oral dispute, On June 2, 2021 Plaintiff made a dispute via telephone, however on July 17, 2021 Plaintiff re-checked her credit reports and Debt Collectors failed to communicate that the debt was disputed the Plaintiff disputed.

13. Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of

3

Ms. Sanders and caused severe humiliation, and emotional distress, FICO Scores and mental anguish.

### V. FIRST CLAIM FOR RELIEF
(Defendant's AvanteUSA, LTD., and Sequium Asset Solutions, LLC.,)
15 U.S.C. §1692e(8)

14. Ms. Sanders re-alleges and reincorporates all previous paragraphs as if fully set out herein.

15. The Debt Collector's violated the FDCPA.

16. The Debt Collector's violations include, but are not limited to, the following:

The Debt Collector's violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that alleged debt was in dispute by Ms. Sanders.

17. As a result of the above violations of the FDCPA, the Defendants are liable to the Ms. Sanders actual damages, statutory damages and cost.

### VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. Sanders respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collectors for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

_/s/ Torae Sanders_

Torae Sanders
53 Rexford Drive
Newportnews, VA 23608
Raesanders95@gmail.com
(347) 824-6639